XAVIER BECERRA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General
RYAN T. GILLE
Deputy Attorney General
State Bar No. 262105
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4454
  Fax:  (415) 703-5843
  E-mail:  Ryan.Gille@doj.ca.gov
*Attorneys for Defendants
California Department of Corrections and
Rehabilitation, S. Almosara, D. Border, B. Barella,
J. Cavender, J. Core, T. Lambert, I. Morales, and T. Le*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **HAROLD TAYLOR, et al.,**<br><br>                              Plaintiffs,<br><br>     v.<br><br>**WARDEN BORDER, et al.,**<br><br>                              Defendants. | 5:18-cv-02488-AB-AGR<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [F.R.C.P. Rule 12(b)(6)]**<br><br>Judge:     The Honorable Andre Birotte, Jr.<br>Trial Date:     N/A<br>Action Filed: 11/27/2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants California Department of Corrections and Rehabilitation, S. Almosara, D. Border, B. Barella, J. Cavender, J. Core, T. Lambert, I. Morales, and T. Le (Defendants) move to dismiss Plaintiffs Harold Taylor, David Ziemke, Jon Schnabel, Bruce Koklich, Ronald Austin, Christopher Camp, and George Jackson (Plaintiffs) claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs, proceeding *pro se*, cannot satisfy the elements necessary to proceed with the proposed class action[1].

Defendants also move to dismiss plaintiff Bruce Koklich, as attorney in Fact for the Estate of Bruce Brooks, because Mr. Brooks is deceased and cannot be represented by a non-attorney. Also, Plaintiffs Schnabel, Koklich, Austin, Camp, and Jackson should be dismissed for failure to post filing fees after their requests to proceed In Forma Pauperis (IFP) were denied. Plaintiff Ziemke did not submit an application for IFP status and has also not paid his filing fees, and should be dismissed. Plaintiff Ziemke should also be dismissed because he has abandoned his claims by failing to obey local rules and a court order to provide a current address.

This motion is based on this notice, the following memorandum of points and authorities, and the pleadings and records on file with the Court in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiffs' 80-page Complaint seeks to establish a putative class action lawsuit against thirteen defendants, including the California Department of Corrections and Rehabilitations (CDCR), California Institution for Men (CIM), the facility where the alleged issues arise out of, and eleven CDCR employees in their individual and official capacities. Fatal to all of these claims is the absence of counsel to protect

---

[1] This motion is exempt from the Local Rule 7-3 pre-filing, meet-and-confer conference requirement pursuant to Local Rule 16-12(c).

1  the interests of the class members. Despite the Court's warning regarding pro-se
2  representation over a year ago, Plaintiff have continued to prosecute the case
3  without counsel. Accordingly, Plaintiffs have no authority to prosecute the class
4  action claims.

5  Additional representation issues arise because one of the Plaintiffs, Bruce
6  Koklich, is attempting to represent the estate of a deceased inmate. Mr. Koklich
7  lacks standing as he is neither the personal representative, nor an heir to the estate
8  under California law. This was similarly raised on the Court's Minute Order;
9  however, a no efforts appear to have been made to remedy the issue. Thus, the
10 estate does not have representation and must be dismissed.

11 Another threshold matter is the Plaintiffs' failure to file fees in accordance
12 with the Prison Litigation Reform Act of 1995 ("PLRA"). Specifically, Plaintiffs
13 Schnabel, Koklich, Austin, Camp, and Jackson, who have been denied IFP status
14 and failed to post mandatory fees and their claims should similarly be dismissed.

15 Finally, Plaintiff Ziemke should be dismissed because has failed to prosecute
16 his case by failing to provide an updated address, and in doing so, he ignores Civil
17 Local Rule 41-6 and this Court's July 15, 2019 Minute Order.

**STATEMENT OF ISSUES**

19 1. Plaintiffs are prosecuting a purported class action lawsuit in pro se. Should
20 Plaintiffs' claims be dismissed for failure to state a claim?

21 2. Plaintiff Bruce Koklich claims to have standing to prosecute claims on
22 behalf of a deceased inmate's estate. In order to have standing to prosecute a claim
23 on behalf of an estate, the person must be a personal representative or heir to the
24 estate. There is no evidence that Bruce Koklich satisfies either requirement.
25 Should Mr. Koklich's claims on behalf of the estate be dismissed?

26 3. The PLRA requires each pro se Plaintiff to pay a filing fee in a multi-
27 Plaintiff lawsuit. Each Plaintiff's request for IFP status in this case has been
28

denied, and only one Plaintiff has posted a partial filing fee.  Should the non-Paying Plaintiffs' claims be dismissed for failure to pay filing fees?

4. Plaintiff David Ziemke failed to file a change of address in violation of Civil Local Rule 41-6 and this Court's July 15, 2019 Minute Order.  Should he be dismissed?

## FACTUAL BACKGROUND

Plaintiffs filed suit on November 27, 2018 against Defendants.  (ECF No. 1.)  Plaintiff Harold Taylor filed for IFP status that same day.  (ECF 2.) On November 30, 2019, the Court issued a Minute Order requiring Plaintiffs Schnabel, Koklich, Austin, Camp, and Jackson to seek IFP status or pay a filing fee on or before December 21, 2018.  (ECF No. 4.)  That same order admonished Plaintiffs that they could not maintain a class action while representing themselves *pro se*.  (*Id*.)  It further admonished Plaintiff Bruce Koklich that he could not represent the estate of deceased inmate, Bruce Brooks, because there is no evidence he is an attorney. (*Id.*)

Following the Court's November 2018 Minute Order, Plaintiff Schnabel, Koklich, Austin, Camp, and Jackson applied for IFP status on December 12, 2018.  (ECF 7-12.)  The Court denied the applications on June 4, 2019 and ordered the filing fee to be paid in full within 30 days or the case would be dismissed.  (ECF 23).  On June 26, 2019, $350 was received from the National Advisory Council for Crime Reduction for the benefit of Plaintiff Harold Taylor.  (ECF 25.)  As of the date of this motion, the full $400 fee has not been posted, and no fees have been posted by any of the other Plaintiffs.  (See, generally, Court's Docket.)

## ARGUMENT

### I. LEGAL STANDARD ON MOTION TO DISMISS.

Dismissal is appropriate when the plaintiff fails to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations with respect to each material element

3

1 necessary to sustain recovery. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562
2 (2007). The factual allegations must provide the grounds for the entitlement to
3 relief, and raise the right to relief above the speculative level. *Id*. at 555. Even pro
4 se plaintiffs must provide the essential elements necessary to state a claim. *Pena v.*
5 *Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Thus, a court's liberal interpretation
6 of a pro se civil rights complaint may not supply essential elements of the claim
7 that are not pled. *Id.*

8 In determining whether a complaint states a claim, the court must accept as
9 true all allegations of material fact and construe those facts in the light most
10 favorable to the plaintiff. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). The
11 court must accept as true all well pleaded facts at the motion to dismiss stage.
12 *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595 (9th Cir. 2004). However,
13 legally conclusory statements, not supported by actual factual allegations, need not
14 be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).

15 **II.   CLASS-ACTION LAWSUITS CANNOT BE PROSECUTED BY PRO SE**
16 **PLAINTIFFS.**

17 The initial issue is relatively straightforward. The privilege to represent
18 oneself *pro se* is personal to the litigant and does not extend to other parties. *Simon*
19 *v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008). In this matter, the
20 Complaint contains almost exclusively class-action allegations. Plaintiffs claim to
21 represent certain classes of inmates allegedly aggrieved by conditions at CIM.
22 Nevertheless, Plaintiffs, appearing pro se, have no authority to represent anyone
23 other than themselves. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).
24 That is because *pro se* plaintiffs are not adequate class representatives able to fairly
25 represent and adequately protect the interests of a class. *Oxendine v. Williams*, 509
26 F.2d 1405, 1407 (4th Cir. 1975); see also *Simon v. Hartford Life, Inc*., 546 F.3d
27 661, 664–65 (9th Cir. 2008) ("courts have routinely adhered to the general rule
28

prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity").

Plaintiffs were cautioned by the Court about this issue in the November 2018 Minute Order. (ECF 4.) Despite the Court's notice, over a year has passed and Plaintiffs have failed to correct this fatal error. Thus, the class action claims, which are essentially the entire complaint, must be dismissed with prejudice.

### III. PLAINTIFF BRUCE KOKLICH DOES NOT HAVE STANDING TO REPRESENT THE ESTATE OF BRUCE BROOKS.

Plaintiff Bruce Koklich was warned in the November 2018 Minute Order that he could not represent the estate of deceased inmate Bruce Brooks because he was not an attorney. (ECF 4.). In response to that Order, Mr. Koklich filed a Notice of Fiduciary Duty on December 27, 2018. (See ECF 17.) In that filing, Mr. Koklich contends that he has standing to pursue the claim under F.R.C.P. 17(a)(1)(G) as a "party authorized by statute." (ECF 17, p. 1, ¶1.) Mr. Koklich then cites to California Probate Code sections 4266, 4401, 4458, and 4459 as being the statutes that authorize his representation of the estate. (ECF 17, p. 2, ¶5.) Despite Mr. Koklich's contentions, none of the California statutes provide authority for the proposition that a power of attorney invests its holder with authority to litigate claims.

Probate Code section 4426 simply states verbatim: "The grant of authority to an attorney-in-fact, whether by the power of attorney, by statute, or by the court, does not in itself require or permit the exercise of the power. The exercise of authority by an attorney-in-fact is subject to the attorney-in-fact's fiduciary duties."

Similarly unhelpful, Probate Code section 4401 merely provides a statutory form for executing a power of attorney.

Mr. Koklich's remaining argument lies in the language of Probate Code sections 4458 and 4459, which list authorized acts that may be performed pursuant to a power of attorney, including "claims and litigation." Cal. Probate Code §

5

4458(d). This argument still fails because California courts applying these statutes have held that, despite the language of the statutes, the law prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession." *Gerhard v. Stephens*, 68 Cal.2d 864, 918 (1968). California Business and Professions Code section 6125 provides: "No person shall practice law in California unless the person is an active member of the State Bar."

California's Uniform Statutory Form Power of Attorney Act lists the various powers conferred in a statutory form power of attorney. See Cal. Probate Code § 4459. This language appears to include the right to bring a lawsuit on behalf of another. *Id.* Yet, California courts have clearly rejected the proposition that the statute confers upon one holding a power of attorney the authority to provide legal representation to others. The law has distinguished between an attorney-in-fact and an attorney-at-law and emphasized that a power of attorney is not a vehicle which authorizes an attorney-in-fact to act as an attorney-at-law. *People ex rel. Dept. of Public Works v. Malone*, 232 Cal.App.2d 531, 536–37, (1965). As explained in *Malone*, "If the rule were otherwise, the State Bar Act could be relegated to contempt by any layman who secured from his principal an ordinary power of attorney, for the purpose of representing him in pending litigation." *Id*.

Thus, "[d]espite broad statutory language of the power of attorney with respect to claims and litigation, the attorney in fact may not act as an attorney in law on behalf of his principal, even though the principal could appear in propria persona." *In re Marriage of Caballero*, 27 Cal.App.4th 1139, 1151, (1994) (citation omitted); see also *Ziegler v. Nickel*, 64 Cal.App.4th 545, 548, (1998) ("[O]ne holding a special power of attorney cannot act as an attorney for another by virtue of the power of attorney") (citation omitted).

Therefore, Mr. Koklich was not authorized to bring, and may not maintain, the claim on behalf of Mr. Brook's estate, and the estate's claim should be dismissed.

## IV. MOST PLAINTIFFS HAVE FAILED TO POST FILING FEES FOR OVER A YEAR AND THEIR CLAIMS SHOULD BE DISMISSED.

There is a distinction in federal civil procedure regarding payment of filing fees for pro se litigants in multi-plaintiff lawsuits. In the context of a "regular" civil matter, multiple pro se plaintiffs can pay a single filing fee. Conversely, prison litigation is guided by the PLRA, which states, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This provision expressly requires **each prisoner** to pay the full fee. *Pinson v. Frisk*, 2015 WL 738253, at *6 (N.D. Cal. Feb. 20, 2015). In analyzing the reasoning behind this requirement, at least one court has determined that the interplay of the filing fee provisions in the PLRA suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. *Treglia v. Kernan*, 2013 WL 1502157, *1 (N.D.Cal. Apr. 11, 2013). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Id.*, citing *Hubbard v. Haley*, 262 F.3d 1194, 1196–97 (11th Cir. 2001). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *Id.*, citing *Hubbard,* 262 F.3d at 1196–97.

Although the Ninth Circuit has not ruled on the issue, three federal circuits that have directly considered the issue all have agreed that this statutory requirement of full payment of the filing fee remains applicable when multiple prisoners seek to join as co-plaintiffs in a single action, such that each prisoner still must pay the full filing fee. See *Hagan v. Rogers*, 570 F.3d at 155–56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d at 1197–98.

In this case, only one Plaintiff has tendered a partial filing fee, Harold Taylor, who has paid $350 out of the $400. The remaining Plaintiffs have not paid

7

anything. Accordingly, any Plaintiff that has not yet tendered the full amount of the filing fee should have his case dismissed.

### V. PLAINTIFF ZIEMKE SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.

Civil Local Rule 41-6 mandates pro se litigants to maintain a current address. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days, a plaintiff fails to notify the Court in writing of plaintiff's current address, the Court may dismiss the action, with or without prejudice, for want of prosecution.

Here, Plaintiff Ziemke appears to be on parole and no longer housed at CIM. He has not filed a Change of Address. (See, generally, Court's Docket.) The Court mailed several Orders to Ziemke, which were "returned to sender" by the U.S. Postal Service. (See ECF 15, 16, and 26.)

On July 15, 2019, the Court issued a Minute Order directing Ziemke to file a Change of Address on or before August 5, 2019. (ECF 29.) As of the date of this motion, no Change of Address has been filed. Accordingly, Plaintiff Ziemke should be dismissed for failure to prosecute his case.

### CONCLUSION

Plaintiffs' Complaint should be dismissed because Plaintiffs, proceeding pro se, cannot proceed with a class action lawsuit. They had over a year to correct this glaring deficiently, and have failed to do so. Accordingly, the dismissal should be with prejudice.

Alternatively, plaintiff Bruce Koklich, as attorney-in-fact for the Estate of Bruce Brooks, should be dismissed because the estate cannot be represented by a non-attorney. This defect cannot be cured, therefore, the dismissal should be with prejudice

1     Also, Plaintiffs who have failed to post filing fees should be dismissed without prejudice. Plaintiff Ziemke should similarly be dismissed without because he has abandoned his claims by failing to obey local rules and a court order to provide a current address.

Dated: December 9, 2019                            Respectfully submitted,

                                                                      XAVIER BECERRA
                                                                      Attorney General of California
                                                                      JAY M. GOLDMAN
                                                                      Supervising Deputy Attorney General

                                                                      */s/ Ryan T. Gille*
                                                                      RYAN T. GILLE
                                                                      Deputy Attorney General
                                                                      *Attorneys for Defendants California Department of Corrections and Rehabilitation, S. Almosara, D. Border, B. Barella, J. Cavender, J. Core, T. Lambert, I. Morales, and T. Le*

SF2019105323
21726227.docx

# CERTIFICATE OF SERVICE

Case Name:   *Taylor, et al. v. Borders, et al.*          No.   5:18-cv-02488-AB-AGR

I hereby certify that on December 9, 2019, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [F.R.C.P. Rule 12(b)(6)]**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On December 9, 2019, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Harold Taylor (T-22119)**
**Mule Creek State Prison**
**P.O. Box 409099**
**Ione, CA  95640**
*In Pro Se*

**Ronald E. Austin (AD-6919)**
**California Institution for Men**
**14901 Central Ave.**
**Chino, CA 91710**
*In Pro Se*

**George Jackson (J-02225)**
**California Institution for Men**
**14901 Central Ave.**
**Chino, CA 91710**
*In Pro Se*

**David M. Ziemke (P-53792)**
**California Institution for Men**
**14901 Central Ave.**
**Chino, CA 91710**
*In Pro Se*

**Jon Gary Schnabel (F-18632)**
**Mule Creek State Prison**
**PO Box 409099**
**Ione, CA 95640**
*In Pro Se*

**Christopher Camp (AX-1365)**
**California Institution for Men**
**14901 Central Ave.**
**Chino, CA 91710**
*In Pro Se*

**Bruce Koklich (V-25135)**
**California Institution for Men**
**14901 Central Ave.**
**Chino, CA 91710**
*In Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 9, 2019</u>, at San Francisco, California.

| R. Lagumen | */s/ R. Lagumen* |
|:---:|:---:|
| Declarant | Signature |

SF2019105323
21735290.docx