IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| **HAROLD TAYLOR, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**WARDEN BORDER, et al.,**<br><br>Defendants. | 5:18-cv-02488-AB-AGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:	The Honorable Andre Birotte, Jr.<br>Trial Date:	N/A<br>Action Filed:	11/27/2018 |

Plaintiffs Taylor, Ziemke, Schnabel, Koklich, Austin, Camp, and Jackson ("Plaintiff"), all current and former California state prison inmates, filed a pro se action against Defendants California Department of Corrections and Rehabilitation (CDCR), S. Almosara, D. Border, B. Barella, J. Cavender, J. Core, T. Lambert, I. Morales, and T. Le (Defendants).  The Defendants filed a motion to dismiss.  Plaintiff filed an opposition, and Defendants filed a reply.  For the reasons explained below, Defendants' motion is GRANTED without leave to amend.

## DISCUSSION

Plaintiffs filed suit on November 27, 2018 against Defendants.  (ECF No. 1.) Several Defendants were named, including the California Institute for Men (CIM),

1  which is alleged to be a "public entity" and a state agency under CDCR. (ECF 1, p.
2  20, ¶ 16.)  Plaintiff Harold Taylor had filed for IFP status when the Complaint was
3  filed, on November 27, 2018. (ECF 2.)  On November 30, 2019, the Court issued a
4  Minute Order requiring Plaintiffs Schnabel, Koklich, Austin, Camp, and Jackson to
5  seek IFP status or pay a filing fee on or before December 21, 2018. (ECF No. 4.)
6  That same order admonished Plaintiffs that they could not maintain a class action
7  while representing themselves *pro se*. (*Id.*)  It further admonished Plaintiff Bruce
8  Koklich that he could not represent the estate of deceased inmate, Bruce Brooks,
9  because there is no evidence he is an attorney. (*Id.*)

10  Following the Court's November 2018 Minute Order, Plaintiff Schnabel,
11  Koklich, Austin, Camp, and Jackson applied for IFP status on December 12, 2018.
12  (ECF 7-12.)  The Court denied the applications on June 4, 2019 and ordered the
13  $400 filing fee to be paid in full within 30 days or the case would be dismissed.
14  (ECF 23).  On June 26, 2019, $350 was received from the National Advisory
15  Council for Crime Reduction for the benefit of Plaintiff Harold Taylor. (ECF 25.)
16  As of the date of this motion, the full $400 fee has not been posted, and no fees
17  have been posted by any of the other Plaintiff. (See, generally, Court's Docket.)

18  **I.   LEGAL STANDARD ON MOTION TO DISMISS.**

19  Dismissal is appropriate when the plaintiff fails to state a claim on which relief
20  may be granted. Fed. R. Civ. P. 12(b)(6); *Robertson v. Dean Witter Reynolds, Inc.,*
21  749 F.2d 530, 534 (9th Cir. 1984).  To survive a motion to dismiss, a complaint
22  must contain sufficient factual allegations with respect to each material element
23  necessary to sustain recovery. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562
24  (2007).  The factual allegations must provide the grounds for the entitlement to
25  relief, and raise the right to relief above the speculative level. *Id.* at 555.  Even pro
26  se plaintiffs must provide the essential elements necessary to state a claim. *Pena v.*
27  *Gardner,* 976 F.2d 469, 471 (9th Cir. 1992).  Thus, a court's liberal interpretation
28

of a pro se civil rights complaint may not supply essential elements of the claim that are not pled. *Id.*

In determining whether a complaint states a claim, the court must accept as true all allegations of material fact and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). The court must accept as true all well pleaded facts at the motion to dismiss stage. *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595 (9th Cir. 2004). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).

## II. CLASS-ACTION LAWSUITS CANNOT BE PROSECUTED BY PRO SE PLAINTIFFS.

The initial issue is relatively straightforward. The privilege to represent oneself *pro se* is personal to the litigant and does not extend to other parties. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). In this matter, the Complaint contains almost exclusively class-action allegations. Plaintiffs claim to represent certain classes of inmates allegedly aggrieved by conditions at CIM. Nevertheless, Plaintiffs, appearing pro se, have no authority to represent anyone other than themselves. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). That is because *pro se* plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); see also *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity").

Plaintiffs were cautioned by the Court about this issue in the November 2018 Minute Order. (ECF 4.) Despite the Court's notice, over a year has passed and Plaintiffs have failed to correct this fatal error. Thus, Plaintiffs will be unable to prevail on any of their claims.

### III. PLAINTIFF BRUCE KOKLICH DOES NOT HAVE STANDING TO REPRESENT THE ESTATE OF BRUCE BROOKS.

Plaintiff Bruce Koklich was warned in the November 2018 Minute Order that he could not represent the estate of deceased inmate Bruce Brooks because he was not an attorney. (ECF 4.). In response to that Order, Mr. Koklich filed a Notice of Fiduciary Duty on December 27, 2018. (See ECF 17.) In that filing, Mr. Koklich contends that he has standing to pursue the claim pursuant to F.R.C.P. 17(a)(1)(G) as a "party authorized by statute." (ECF 17, p. 1, ¶1.) Mr. Koklich then cites to California Probate Code sections 4266, 4401, 4458, and 4459 as being the statutes that authorize his representation of the estate. (ECF 17, p. 2, ¶5.) Despite Mr. Koklich's contentions, none of the California statutes provide authority for the proposition that a power of attorney invests its holder with authority to prosecute litigate claims.

Probate Code section 4426 simply states verbatim: "The grant of authority to an attorney-in-fact, whether by the power of attorney, by statute, or by the court, does not in itself require or permit the exercise of the power. The exercise of authority by an attorney-in-fact is subject to the attorney-in-fact's fiduciary duties."

Similarly unhelpful, Probate Code section 4401 merely provides a statutory form for executing a power of attorney.

Mr. Koklich's remaining argument lies in the language of Probate Code sections 4458 and 4459, which list authorized acts that may be performed pursuant to a power of attorney, including "claims and litigation." Cal. Probate Code § 4458(d). This argument still fails because California courts applying these statutes have held that, despite the language of the statutes, the law prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession." *Gerhard v. Stephens*, 68 Cal.2d 864, 918 (1968).

1  California Business and Professions Code section 6125 provides: "No person
2  shall practice law in California unless the person is an active member of the State
3  Bar." California's Uniform Statutory Form Power of Attorney Act lists the various
4  powers conferred in a statutory form power of attorney. See Cal. Probate Code §
5  4459. This language appears to include the right to bring a lawsuit on behalf of
6  another. *Id.* Yet, California courts have clearly rejected the proposition that the
7  statute confers upon one holding a power of attorney the authority to provide legal
8  representation to others. The law has distinguished between an attorney-in-fact and
9  an attorney-at-law and emphasized that a power of attorney is not a vehicle which
10 authorizes an attorney in fact to act as an attorney at law. *People ex rel. Dept. of*
11 *Public Works v. Malone*, 232 Cal.App.2d 531, 536–37, (1965). As explained in
12 *Malone*, "If the rule were otherwise, the State Bar Act could be relegated to
13 contempt by any layman who secured from his principal an ordinary power of
14 attorney, for the purpose of representing him in pending litigation." *Id.*

15 Thus, "[d]espite broad statutory language of the power of attorney with respect
16 to claims and litigation, the attorney in fact may not act as an attorney in law on
17 behalf of his principal, even though the principal could appear in propria persona."
18 *In re Marriage of Caballero*, 27 Cal.App.4th 1139, 1151, (1994) (citation omitted);
19 see also *Ziegler v. Nickel*, 64 Cal.App.4th 545, 548, (1998) ("[O]ne holding a
20 special power of attorney cannot act as an attorney for another by virtue of the
21 power of attorney") (citation omitted).

22 Therefore, Mr. Koklich was not authorized to bring, and may not maintain, the
23 claim on behalf of Mr. Brook's estate, and the estate's claim is dismissed.

### IV. MOST PLAINTIFFS HAVE FAILED TO POST FILING FEES FOR OVER A YEAR AND THEIR CLAIMS SHOULD BE DISMISSED.

26 There is a distinction in federal civil procedure regarding payment of filing
27 fees for pro se litigants in multi-plaintiff lawsuits. In the context of a "regular" civil
28 matter, multiple pro se plaintiffs can file a single filing fee. Conversely, prison

1  litigation is guided by the PLRA, which states, "if a prisoner brings a civil action or
2  files an appeal in forma pauperis, the prisoner shall be required to pay the full
3  amount of a filing fee." 28 U.S.C. § 1915(b)(1). This provision expressly requires
4  **each prisoner** to pay the full fee. *Pinson v. Frisk*, 2015 WL 738253, at *6 (N.D.
5  Cal. Feb. 20, 2015). In analyzing the reasoning behind this requirement, at least
6  one court has determined that the interplay of the filing fee provisions in the PLRA
7  suggests that prisoners may not bring multi-plaintiff actions, but rather must each
8  proceed separately. *Treglia v. Kernan*, 2013 WL 1502157, *1 (N.D.Cal. Apr. 11,
9  2013). This provision reflected Congress's intent to reduce the volume of frivolous
10 prisoner litigation in the federal courts. *Id.*, citing *Hubbard v. Haley*, 262 F.3d
11 1194, 1196–97 (11th Cir. 2001). In order not to undermine the PLRA's deterrent
12 purpose, courts have agreed that prisoner-plaintiffs who proceed together in one
13 action must each pay the full filing fee. *Id.*, citing *Hubbard,* 262 F.3d at 1196–97.
14     Although the Ninth Circuit has not ruled on the issue, three federal circuits
15 that have directly considered the issue all have agreed that this statutory
16 requirement of full payment of the filing fee remains applicable when multiple
17 prisoners seek to join as co-plaintiffs in a single action, such that each prisoner still
18 must pay the full filing fee. See *Hagan v. Rogers*, 570 F.3d at 155–56 (3rd Cir.
19 2009); *Boriboune v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004); *Hubbard v.
20 Haley*, 262 F.3d at 1197–98.
21     Accordingly, Plaintiffs that have not tendered the full filing fee are dismissed.
22 **V.  PLAINTIFF ZIEMKE SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.**
23
24     Civil Local Rule 41-6 mandates pro se litigants to maintain a current address.
25 If mail directed by the Clerk to a pro se plaintiff's address of record is returned
26 undelivered by the Postal Service, and if, within fifteen days, a plaintiff fails to
27 notify the Court in writing of plaintiff's current address, the Court may dismiss the
28 action, with or without prejudice, for want of prosecution.

Here, Plaintiff Ziemke appears to be on parole and no longer housed at CIM. He has not filed a Change of Address. (See, generally, Court's Docket.) The Court mailed several Orders to Ziemke, which were "returned to sender" by the U.S. Postal Service. (See ECF 15, 16, and 26.)

On July 15, 2019, the Court issued a Minute Order directing Ziemke to file a Change of Address on or before August 5, 2019. (ECF 29.) No Change of Address has been filed. Accordingly, Plaintiff Ziemke is dismissed for failure to prosecute his case.

## CONCLUSION

For the reason stated above, Defendants' motion to dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: _____   _____
                                        Honorable Alicia G. Rosenberg

SF2019105323
21733592.docx