# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| HAROLD TAYLOR, *et al.*, <br>     Plaintiffs, <br> v. <br> DEAN BORDERS, *et al.*, <br>     Defendants. | CV 18-02488 TJH (AGRx) <br><br> **Order** <br> [77] |

    The Court has considered Plaintiff Bruce Koklich's application for a temporary restraining order, together with the moving and opposing papers.

    On November 27, 2018, Plaintiffs Harold Taylor, Ronald Austin, Christopher Camp, Koklich, in his individual capacity and as "attorney in fact" for the estate of Bruce Brooks, Jon Gary Schnabel, David Ziemke, and George Jackson filed this putative class action over alleged civil rights violations that occurred within the California Institution for Men ["CIM"], in Chino, California.

    The following facts are assumed to be true. On November 20, 2019, Koklich e-mailed a CIM staff member. According to CIM, Koklich should not have directly e-mailed a CIM staff member without prior permission. Although the email was not expressly prohibited, CIM issued Koklich a Rule Violation Report ["RVR"]. In

December, 2019, an administrative hearing was held for the RVR. Apparently, the RVR was sustained. Koklish contends that the RVR lacked merit and issued in retaliation for being a lead plaintiff in this putative class action

On March 4, 2020, Koklich had a parole hearing, and was denied parole.

Koklich, now, moves for a temporary restraining order requiring CIM to remove the RVR from his CIM file prior to his parole hearing.

Koklich filed the instant application five days before his parole hearing, even though he was aware of the RVR months earlier. Generally, a litigant cannot create an emergency justifying emergency injunctive relief by sleeping on his rights.

Further, Koklich erred by filing the instant application as a regularly noticed motion with a submission date of March 27, 2020, rather than as an *ex parte* application which would have facilitated a faster review.

Because the parole hearing occurred more than three weeks before the submission date, the application for a temporary restraining order became moot before the Court could consider it.

Accordingly,

It is Ordered that the motion be, and hereby is, Denied.

Date: April 14, 2020

Terry J. Hatter, Jr.
Senior United States District Judge